## MASSAKER *vs.* MASSAKER.

The personal estate alone is liable for the payment of legacies, unless the land is by the will made chargeable either expressly or by clear implication.

Parol evidence of the declarations of the testator is not admissible to show an intention to charge legacies upon the land.

That the personal estate is not sufficient to pay the legacies will not of itself make the land chargeable.

*Woodruff*, for complainant.

*Barkalow*, for defendant.

THE CHANCELLOR. The only question raised by the defendant's answer is, whether certain legacies under the will of John Massaker, jun., are a charge upon the real estate of which he died seized, and which is not disposed of by his will.

The personal estate alone is liable for the payment of legacies, unless the land is by the will made chargeable, either expressly or by clear implication. *Lupton* v. *Lupton*, 2 *Johns. Ch. R.* 614; *White* v. *Ex'rs of Olden*, 3 *Green's Ch. R.* 343.

There is nothing in the will of the testator that can by possibility create a charge upon the land. It is not so alleged or suggested in the answer. But it is sought to establish an intention on the part of the testator that the legacies should be charged on the real estate whereof partition is sought to be made.

1. From the parol declarations of the testator.

2. From the extent of his legacies and the disposition of his property, taken in connection with the character and value of his property.

1. Parol declarations of the testator are not competent to control the construction of his will, even when they are clearly proved by competent evidence. There is in this case no competent proof that such declarations were made. No witness has been examined who professes to have heard such declarations from the lips of the testator himself.

2. The bulk of the testator's property consisted of a house and lot, which was devised to one of his sons, and a note for eight hundred dollars, which was specifically bequeathed. The balance of his personal property was insufficient to pay his debts and funeral expenses. Besides the specific bequest already mentioned, the testator be-

queathed several pecuniary legacies, amounting to $550. At the date of his will, which was a few days before his death, the testator had no estate, real or personal, for the payment of the legacies, except certain lots, which are not devised or mentioned in the will, and which it is now insisted the testator intended should be sold to carry into effect the purposes of .his will.   There is no power given to his executors to sell the real estate—no direction that it should be sold—and no intimation of the testator's will in relation to the subject.

Where, from the language of a will, the intention of the testator is doubtful, the circumstances by which he was surrounded, the condition of his family and the nature of his estate have been sometimes resorted to to ascertain the true construction of the will.   In *Bootle* v. *Blundell,* 1 *Mer.* 216, it was held that the respective value of the real and personal estate, which is the only material circumstance relied on in this case, could not be called in to assist in explaining the will; and although upon this point there is much conflict in the authorities, the evidence having sometimes been held admissible, such circumstances can never in themselves supply an omission in the draft of a will or create a charge which is not to be found in the will itself.   Whatever probabilities they may suggest as to the intention of the testator, they cannot affect the plain language of the will, nor establish any right under it.

The debts alone, not the legacies, are a charge upon the real estate.